IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CIVIL ACTION

KIMBERLY ISNER-MONTICELLO, and all
others similarly situated.

    Plaintiff,

v.

NELNET, INC., a Nebraska corporation,
NELNET DIVERSIFIED SOLUTIONS, LLC,
a Nebraska limited liability company, and
NELNET SERVICING, LLC, a Nebraska
limited liability company

    Defendants.
_____/

8:20cv2135T35TGW

CASE NO.: 2020-CA-
**PROPOSED CLASS ACTION**
**JURY DEMAND**

FILED 2020 SEP 11 AM 11:32
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

## PLAINTIFF'S COMPLAINT WITH JURY TRIAL DEMAND

    Plaintiff, KIMBERLY ISNER-MONTICELLO (hereinafter "Plaintiff") as well as the Purported Class, by and through the undersigned counsel, sues NELNET, INC., a Nebraska corporation, NELNET DIVERSIFIED SOLUTIONS, LLC, a Nebraska limited liability company, and NELNET SERVICING, LLC, a Nebraska limited liability company (collectively "NelNet"), and alleges:

### INTRODUCTION

1. Counts I is based on Plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C § 1692, *et seq*. ("FDCPA").

2. Counts II respectively is based on Plaintiff's claims under the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55, et seq. ("FCCPA").

### JURISDICTION AND VENUE

3. This Honorable Court has federal question jurisdiction over the FDCPA causes of action because this cause of action arises out of violation of federal law. 47 U.S.C § 227(b);

*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This Court has jurisdiction over the FCCPA causes of action under its supplemental jurisdiction. 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) as the alleged actions arise from the attempts to collect a debt associated within Hillsborough County, Florida and, Defendants, respectively, conduct business in the County of Hillsborough.

## GENERAL ALLEGATIONS

5. Plaintiff is an individual that resides in Hillsborough County, Florida.

6. Defendants, NELNET, INC., a Nebraska corporation, NELNET DIVERSIFIED SOLUTIONS, LLC, a Nebraska limited liability company, and NELNET SERVICING, LLC, a Nebraska limited liability company, are Nebraska based corporations and/or companies that regularly conducts business, namely Student Loan Servicing, in the Middle District of Florida.

7. Plaintiff is a licensed attorney in the state of Florida.

8. Plaintiff studied at Stetson University College of Law where she obtained her Juris Doctor.

9. In order to fund this education, Plaintiff took student loans through various lending entities that approved and extended credit to her.

10. After her graduation, a number of these loans were transferred to Defendants for servicing, bearing the account number DXXXXXX4899.

11. Throughout the time NelNet services the loans, it would represent to Plaintiff that it was associated with the United States Department of Education.

12. One such occurrence occurred on April 28, 2020, when Defendants left a voice mail on Plaintiff's phone where a representative indicated the following:

"THIS IS NELNET CALLING ON BEHALF OF THE UNITED STATES DEPARTMENT OF EDUCATION. CALL US TODAY AT 844.801.1792 OR VISIT NELNET.COM TO GO OVER ALL OF THE OPTIONS AVAILABLE TO YOU REGARDING YOUR STUDENT LOAN ACCOUNT. ALSO, WATCH YOUR EMAIL OR MAIL FOR KEY INFORMATION ABOUT YOUR ACCOUNT."

13. At the time the message was left on the Plaintiff's phone, the Plaintiff's account was delinquent because she believed that certain provisions of the COVID-19 CARES ACT applied to her loan.

14. After receiving this voice mail, the Plaintiff then called her lender to find out why a payment was due if the COVID-19 CARES ACT applied to her loan.

15. The Plaintiff's belief was reasonable in light of the voice mail received, wherein the Plaintiff is told that Defendants are collecting debts on behalf of the United States Department of Education.

16. During her inquiry with her student loan servicer, the Defendants' representative told the Plaintiff that she did not have a federally backed student loan.

17. Defendants' representative explained that because Plaintiff's loans were in the "D" loan block, it was actually a private commercial student loan owned by a bank, credit union, or other lender and was not eligible for the relief offered under the CARES Act.

18. Clearly, the language involved in the voicemail is inaccurate, as the United States Department of Education has no involvement with the Plaintiff's Student Loans.

19. All conditions precedent to this matter have been substantially complied with or have been waived.

20. Plaintiff has engaged Owen & Dunivan, PLLC to prosecute this matter and has agreed that they are entitled to a reasonable fee.

## CLASS ALLEGATIONS

21. CLASS ACTION DEFINITION: Plaintiff brings this action pursuant to Fla. R. Civ. P. 1.220 on behalf of a class of similarly situated individuals and entities (the "Class"), defined as follows:

All student loan borrowers in the Middle District of the US District Court in the State of Florida who have NelNet account numbers that start with the letter D, who were left voicemails alleging that Defendants are calling on behalf of the United States Department of Education relating to that loan.

22. Excluded from this class are (1) all loan borrowers outside of the state of Florida; (2) the Judge to whom this case is assigned and the Judge's immediate family members; (3) De-

fendants agents; (4) any person(s) who execute and file a timely request for exclusion from the Class; (5) any persons who have had their claims in this matter finally adjudicated and/or released; and (6) the legal representatives, successors and assigns of any such excluded person.

23.  **Numerosity and Ascertainability**: Upon information and belief, the Class is comprised of more than 40 members. This conclusion is reasonable because Defendants are one of the largest student loan servicers in the country, which, as of 2018, held servicing rights for approximately 13.3 million borrowers[1]. The Class is so numerous that joinder of all members is impractical. The exact number of members in the Class is presently unknown, can only be ascertained through discovery, and can easily be identified through Defendants' records or by other means.

24.  **Commonality and Predominance**: All members of the Class have been subject to and affected by a uniform course of conduct: specifically, Defendants misrepresenting the relationship between Defendants and the United States Department of Education in relation to the D Block loans. Accordingly, there are questions of law and fact common to the proposed Class that predominate over any individual questions.

25.  **Typicality**: Plaintiffs' claims are typical of the claims of the Class. The terms and Defendants' communications were substantially similar, and induced Plaintiffs and Class members into the inaccurate belief that the D block loans are associated with the Federal Government. Therefore, Plaintiff and Class members were all harmed in the same way and incurred damages as a result.

26.  **Adequacy**: Plaintiff will adequately represent the interests of the Class and do not have adverse interests to the Class. If individual Class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct. A class action is a superior method for the quick and efficient adjudication of this controversy. Plaintiff's counsel has extensive experience litigating consumer causes of action such as those brought here.

---

[1] http://www.nelnetinvestors.com/news/press-release-details/2019/Nelnet-Reports-Fourth-Quarter-2018-Results/

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES AS TO ALL DEFENDANTS

27. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 26 of this Complaint as though fully set forth herein.

28. Defendants violated FDCPA 15 U.S.C § 1692e(1) by falsely representing or implying that Defendants are affiliated with the United States of America.

29. Subject to further discovery, Defendants violated FDCPA 15 U.S.C § 1692e(6) by falsely representing the character, amount, and legal status of the debt in question on the voicemail received on April 28, 2020

30. Defendants have damaged the Plaintiff as a result of the voicemail. Specifically, the Plaintiff has lost work time while calling and inquiring as to her CARES Act deferment when it was not available.

WHEREFORE, Plaintiff, and Class Members request that this Court award the following relief in favor of Plaintiff against the Defendants:

a. The maximum amount of statutory damages provided under 15 U.S.C 1692k(a)(2) for violating her statutory rights;

b. Actual damages which have resulted from the collection of the debt in direct violation of the aforementioned statutes pursuant to 15 U.S.C 1692(k)(a)(1);

c. Reasonable attorney's fees and the costs of this action; and

d. Such other and further relief as this Court may deem just and proper.

## COUNT II - VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

33. Plaintiff repeats and restates paragraphs 1 - 26 as if fully set forth herein.

34. Defendants are persons as that term is defined under Florida law.

35. Defendants seek to collect consumer debts within the state of Florida.

36. Plaintiff and Class Members are consumers as that term is defined under Fla. Stat. 559.55(8).

37. Plaintiff and Class Members have obligations allegedly payable to Defendants which arise from transactions which primarily for personal, family, or household purposes.

38. Defendants, in collecting these consumer debts, violated Fla. Stat. 559.72(1) by falsely representing that it was calling with regard to a debt backed by the federal government, more specifically the United States Department of Education.

39. Defendants, in collecting these consumer debts, violated Fla. Stat. 559.72(9), by claiming a debt when such person knows that the debt is not legitimate and asserted the existence of some other legal right when such person knows that the right does not exist.

40. Defendants, in collecting these consumer debts, violated Fla. Stat. 559.72(9), by threatening to collect a debt when such person knows that the debt is not legitimate and asserted the existence of some other legal right when such person knows that the right does not exist

41. Defendants have damaged the Plaintiff as a result of the voicemail. Specifically, the Plaintiff has lost work time while calling and inquiring as to her CARES Act deferment when it was not available.

WHEREFORE, Plaintiff and Class Members seek judgment in their favor, for statutory damages, actual damages and other damages to be acceptable at law, for attorney's fees and court costs pursuant to Fla. Stat. 559.77(2), for interest (pre-judgment and post-judgment), and for any and all other relief this court deems just.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable

Respectfully submitted,

OWEN & DUNIVAN, PLLC
Attorneys for Plaintiff.
615 W. De Leon St.
Tampa, FL 33606
Phone: 813.502.6768
Email: bdunivan@owendunivan.com
eservice@owendunivan.com

By: _____
Bryant H. Dunivan Jr., Esq.
Fla. Bar No.: 102594