# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KIMBERLY ISNER-MONTICELLO,
And all others similarly situated,

      Plaintiff,

v.                           **CASE NO.: 8:20-CV-2135-MSS-TGW**

NELNET, INC., a Nebraska corporation,
NELNET DIVERSIFIED SOLUTIONS, LLC,
a Nebraska limited liability company, and
NELNET SERVICING, LLC.,

      Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE AND MEMORANDUM OF LAW IN SUPPORT

Defendants Nelnet, Inc., Nelnet Diversified Solutions, LLC, and Nelnet Servicing, LLC (collectively, "Nelnet"), through their undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) request the Court to enter an Order dismissing the Amended Complaint filed by Plaintiff, Kimberly Isner-Monticello ("Plaintiff") [ECF No. 14]. As explained below, the Amended Complaint fails to state a claim upon which relief may be granted against Nelnet.

Count One should be dismissed with prejudice because Plaintiff has failed to correct a fatal pleading error raised in Nelnet's motion to dismiss the original complaint. Plaintiff's failure to correct this defect is an admission that Plaintiff cannot plead a claim upon which

relief may be granted. Thus, it is appropriate to dismiss Count One of the Amended Complaint with prejudice.

## I.    Factual Background

Plaintiff has sued Nelnet, her student loan servicer, in this putative class action. Plaintiff alleges that Nelnet violated the United States Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") by misrepresenting that it is associated with the United States Department of Education. Plaintiff failed to make a payment on her student loans because she believed that certain provision of the COVID-19 CARES ACT applied to her loan. [ECF No. 14 at ¶ 13]. After Plaintiff admittedly failed to make required loan payments, Plaintiff alleges that Nelnet called and left her a voicemail, in which it indicated it was calling on behalf of the United States Department of Education.[1] [ECF No. 14 at ¶12]. Plaintiff alleges she then called Nelnet and learned that her loans were not eligible for the relief offered under the CARES Act.[2] [ECF No. 14 at ¶¶ 14, 17].

Plaintiff filed suit claiming that Nelnet violated the FDCPA and FCCPA by misrepresenting that Nelnet is affiliated with the United States of America. Plaintiff's claims fail because Nelnet did not make any misrepresentations. In fact, Plaintiff admits that she simply assumed that she was not required to make payments because of the CARES Act before receiving any communication from Nelnet. If she had first called Nelnet to confirm whether

---

[1] Plaintiff's Nelnet serviced student loans were made under the U.S. Department of Education's Federal Family Education Loan (FFEL) program. Under the FFEL program, loans were made by a private lender, and insured by the Department of Education. The Department wound down the FFEL program in 2009, ceasing the creation of new FFEL loans. In its place, the Department of Education began making loans directly to student borrowers under the William D. Ford Direct Loan Program. Under the Direct Loan program, the Department of Education acts as lender.

[2] *See, e.g.* https://www.forbes.com/sites/zackfriedman/2020/04/27/student-loans-cares-act-ffel/#7ca9d15d6e6d

she was eligible for any relief under the CARES Act before deciding to cease making payments, she could have avoided any purported confusion and avoided her claimed "damages."

Regardless, as explained below, Nelnet cannot be held liable for any alleged FDCPA violations because it is not a debt collector. The FDCPA claim must be dismissed because Nelnet is not a debt collector, and the Court should decline exercise to exercise supplemental jurisdiction over the FCCPA claim.

## II.    Argument

### A.    Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted) (alteration in original). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). However, when considering a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B.     The Complaint fails to state a Claim upon which relief may be granted.**

Count One fails because Plaintiff failed to plead any of the required elements to state a claim under the FDCPA. "In order to state a claim under the FDCPA, a plaintiff must plausibly allege, 'among other things, (1) that the defendant is a debt collector and (2) that the challenged conduct is related to debt collection.'" *Shaw v. One West Bank, FSB*, 683 F. App'x 850, 853 (11th Cir. 2017), quoting *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

Nelnet is not a debt collector because "[u]nder the FDCPA, a debt collector does not include 'any person collecting or attempting to collect any debt … to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person." *Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004) citing 15 U.S.C. § 1692a(6)(F). Although Plaintiff has amended her complaint to make the conclusory allegation that Nelnet is a debt collector, such allegations are not plausible because she has not alleged that Nelnet began servicing her loans when they were in default. This is fatal to her claim. *See id.*; *Edmond v. Am. Educ. Servs.*, 2010 WL 4269129, at *5 (D.D.C. Oct. 28, 2010) (granting motion to dismiss plaintiff's FDCPA claims because "[a]bsent an allegation that plaintiff's loan was in default when [the defendant] acquired it, [the defendant] is not a debt collector and this is not subject to the FDCPA"). Indeed, Nelnet is not a debt collector and the Count One should be dismissed with prejudice. Nelnet raised this precise point in its motion to dismiss the original complaint. ECF No. 13 at page 4. Despite Plaintiff being on notice of this fatal defect in her claim, her Amended Complaint has failed to remedy this defect. Thus, it appears she cannot remedy this defect and Count One should be dismissed with prejudice.

The FDCPA's legislative history "indicates that the Congress intended to target *third-party or independent collectors* of delinquent debts because unlike creditors, whose actions are often restrained by their desire to protect their good will, independent contractors will generally have no future contact with the consumer and are therefore likely to place less importance on the consumer's opinion of their debt collection tactics." *Mondonedo v. Sallie Mae, Inc.*, 2009 WL 801784, at *3 (D. Kan. Mar. 25, 2009). "An entity that does not own the loan but merely 'services' the loan is treated as a 'creditor' and generally is not subjected to the FDCPA." *Id.* (granting summary judgment for student loan servicer who began servicing loans prior to default); *see also Taggart v. Wells Fargo Home Mortg., Inc.*, 2010 WL 3769091, at *11 (E.D. Pa. Sept. 27, 2010) ("Loan servicers are not 'debt collectors' under the FDCPA unless the debt being serviced was in default at the time the servicer obtained it.").

Nelnet, however, is a servicer with an ongoing relationship with borrowers such as Plaintiff, unlike the debt collectors that Congress was concerned about, and is not governed by the FDCPA. For this reason alone, Count One should be dismissed. *Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1325 (S.D. Fla. 2014) (dismissing FDCPA claim where complaint alleged it was acquired before default and servicer was therefore not a debt collector); *Parker v. BAC Home Loans Servicing LP*, 831 F. Supp. 2d 88, 94 (D.D.C. 2011) (dismissing claims for failure to plead sufficient facts to show that defendant is a debt collector); *see also Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 799-800 (11th Cir. 2016) (affirming dismissal of complaint).

C.      **Count II should be dismissed.**

Plaintiff brings Count II for purported violations of the FCCPA under 28 U.S.C. § 1367.

Section 1367(a) "permits a court to dismiss any state law claims where the court has dismissed all the claims over which it had original jurisdiction." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). Once the Court dismisses Count I, it will have dismissed all claims over which it has original jurisdiction. The Court may consider judicial economy, convenience, fairness and comity in exercising its discretion to exercise supplemental jurisdiction. Dismissal of state law claims is strongly encouraged when federal law claims are dismissed prior to trial *Id*.

Here, the supplemental claim is a state law claim, best resolved by Florida courts, and should be dismissed. *Id.*; *Green v. Portfolio Recovery Assocs., LLC*, 2013 WL 12141343 (S.D. Fla. Dec. 12, 2013) (remanding FCCPA claim after plaintiff dropped its federal claims); *see also Lutz Surgical Partners, PLLC v. Blue Cross & Blue Shield of Fla., Inc.*, 2017 WL 10295955, *3-4 (M.D. Fla. Dec. 14, 2017) (remanding state law claim); *Fisher v. SP One, Ltd.*, 2013 WL 268684 (M.D. Fla. Jan. 24, 2013) (same).

## III.   Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety, and Count One should be dismissed with prejudice.

WHEREFORE, Defendants request the Court to enter an Order dismissing the Amended Complaint, and granting such further relief as the Court deems proper.

/s/ *Naomi M. Berry*
Naomi Berry
Trial Counsel
Florida Bar No. 69916
Carlton Fields, P.A.
100 S.E. Second Street, Suite 4200
Miami, Florida 33131-2113
Telephone:   (305) 530-0050

Facsimile:   (305) 530-0055
nberry@carltonfields.com

and

Daniel C. Johnson
Trial Counsel
Florida Bar No. 522880
Carlton Fields, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, FL 32801-3400
Telephone: (407) 849.0300
Facsimile:   (407) 648.9099
Email: djohnson@carltonfields.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been furnished, electronically, through the CM/ECF system, to all counsel of record on this 23rd day of November, 2020.

*/s/ Naomi M. Berry*