UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY ISNER-MONTICELLO,

    Plaintiff,

v.                                                  Case No. 8:20-cv-2135-T-KKM-TGW

NELNET, INC., et al,

    Defendants.
_____/

## ORDER

Defendants Nelnet, Nelnet Diversified Solutions, and Nelnet Servicing move to dismiss Plaintiff Kimberly Isner-Monticello's amended complaint. (Doc. 16). According to the defendants, Isner-Monticello failed to adequately allege that the defendants are debt collectors under the Fair Debt Collection Practices Act (FDCPA). Isner-Monticello disagrees and asserts that she adequately pleaded a violation under the FDCPA. (Doc. 20).

To survive a motion to dismiss, a complaint must include enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must accept factual allegations in the complaint as true and view them most favorably to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).

Although a complaint need not contain detailed factual allegations, conclusory allegations are not entitled to a presumption of truth. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 679.

Isner-Monticello alleges that the defendants violated Section 1692e of the FDCPA by calling to collect a student-loan debt and falsely representing that they called on behalf of the U.S. Department of Education. (Doc. 14, ¶¶ 27–33). To survive a motion to dismiss under Section 1692e, a plaintiff "must plead 'factual content that allows the court to draw the reasonable inference' that [the defendant is] a 'debt collector' under the FDCPA and therefore liable for the misconduct alleged." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). Thus, to survive the motion to dismiss here, Isner-Monticello must adequately allege that the defendants are debt collectors.

The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due to asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "debt collector" does not include a person attempting to collect a debt that "was not in default at the time it was obtained by such person." § 1692a(6)(F)(iii). Therefore, Isner-Monticello must adequately allege that her student-loan debt was in default when the defendants began servicing it. *See Davidson*, 797 F.3d at 1313; *Fenello v. Bank of Am., N.A.*, 577 F. App'x 899, 902 (11th Cir. 2014).

Isner-Monticello's amended complaint fails to adequately allege that the defendants are debt collectors under the FDCPA. Isner-Monticello simply alleges that "Defendants are a debt collector as that term is defined under the FDCPA." (Doc. 14, ¶28). This conclusory allegation is insufficient. *See Iqbal*, 556 U.S. at 679. Isner-Monticello had to support her claim with "well-pleaded factual allegations." *Id.* She failed to do so. Because Isner-Monticello failed to adequately allege that the defendants are debt collectors under the FDCPA by alleging that her student-loans were in default when the defendants began servicing those loans, her claim under the FDCPA must be dismissed. *See also Brumberger v. Sallie Mae Servicing Corp.*, 84 F. App'x 458, 459 (5th Cir. 2004) ("By its plain terms the FDCPA does not apply to Sallie Mae because Brumberger does not allege that he was in default at the time Sallie Mae began servicing his loans."); *Mungo-Craig v. Navient Sols., Inc.*, No. 5:17-CV-5-BO, 2017 WL 3037566, at *3 (E.D.N.C. July 18, 2017) (Boyle, J.) ("[P]laintiff failed to allege any facts as to when defendant began servicing the loan, and many courts have held that a failure to allege that an entity serviced a loan before default is fatal to a claim under the express language of the FDCPA.").[1]

---

[1] The defendants ask the Court to dismiss Isner-Monticello's FDCPA claim with prejudice. (Doc. 16 at 1). In her response, Isner-Monticello states that if the Court dismisses the FDCPA claim, she "would submit to refiling the state-court claim in Hillsborough County, Florida." (Doc. 20 at 6 n.4). The Court will accept Isner-Monticello's response as a concession that, if dismissed, the FDCPA claim should be dismissed with prejudice. *See Brown v. J.P. Turner & Co.*, No. 1:09-CV-2649-JEC, 2011 WL 1882522, at *5 (N.D. Ga. May 17, 2011) (Carnes, J.) ("Plaintiffs' failure to respond is in itself grounds for the Court to rule in favor of defendant."); *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments.").

Without the FDCPA claim, the only remaining claim before the Court is Isner-Monticello's state-law claim under the Florida Consumer Collection Practices Act (FCCPA). (Doc. 14, ¶¶ 33–41). If a district court dismisses all claims over which it has original jurisdiction the court may decline to exercise supplemental jurisdiction over remaining state-law claims. 28 U.S.C. § 1367(c)(3). If a district court dismisses all federal-law claims before trial, then dismissing any remaining state-law claims is appropriate. *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352–53 (11th Cir. 1997). This practice is appropriate because "[s]tate courts, not federal courts, should be the final arbiters of state law." *Id.* at 1353. Trial in this case is not set to begin for another year and a half. *See* (Doc. 24). As a result, the Court will decline to exercise supplemental jurisdiction over Isner-Monticello's FCCPA claim.

The following is **ORDERED**:

1. The defendants' motion to dismiss (Doc. 16) is **GRANTED**. Count I is **DISMISSED with prejudice**.

2. The Court declines to exercise supplemental jurisdiction over Count II. Count II is **DISMISSED without prejudice**.

3. The pending motions for summary judgment (Docs. 32, 33) are **DENIED as moot**.

4. The Clerk is directed to terminate any pending motions and deadlines and to close this case.

**DONE** in Tampa, Florida, on May 10, 2021.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge